■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Also Known as RONALD JOHNSON, Also Known as DANIEL DAVID JOHNSON, Appellant. [603 NYS2d 538] — Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 2, 1991, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of April 26, 1990, the victim was walking home from a friend's house when he received a blow from behind. The victim attempted to escape, but was held at knifepoint by the defendant and his accomplices. Through the threatened and actual use of physical force the defendant restrained the victim, while his accomplices stole the victim's wallet and money.

The issue of the legal sufficiency of the evidence was not

preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators. Although the defendant contends that the testimony of the witness who identified him at trial was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.